FILED
CLERK, U.S. DISTRICT COURT

OCT 11 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____vdr_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| FRED MARTIN WIMBERLEY,<br><br>                                 PLAINTIFF(S)<br>v.<br>BONNIE PRITZKAU, et al.,<br><br>                                 DEFENDANT(S) | CASE NUMBER<br><br>CV 16-6008 FMO (FFM)<br><br>ORDER RE REQUEST TO PROCEED<br>*IN FORMA PAUPERIS* |
|---|---|

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                                                                United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☒ District Court lacks jurisdiction
- ☐ Legally and/or factually patently frivolous
- ☐ Immunity as to _____
- ☐ Other: _____

Comments:
See attachment.

October 6, 2016                                                  /s/ [signature]
Date                                                                  United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
    - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
    - ☒ This case is hereby DISMISSED immediately.
    - ☐ This case is hereby REMANDED to state court.

October 11, 2016                                              /s/ Fernando M. Olguin
Date                                                                  United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED MARTIN WIMBERLEY,<br><br>                    Plaintiff,<br>v.<br><br>BONNIE PRITZKAU, *et al.*,<br><br>                    Defendants. | No. CV 16-6008 FMO (FFM)<br><br>ATTACHMENT TO DENIAL OF REQUEST FOR LEAVE TO FILE ACTION *IN FORMA PAUPERIS* |

### I. Proceedings

On August 11, 2016, plaintiff, who proceeds *pro se*, filed a complaint and an application to proceed *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss an *in forma pauperis* action "at any time" if the court determines that the action fails to state a claim upon which relief may be granted. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The Court denied the IFP application and dismissed the accompanying complaint on the ground that plaintiff had failed to allege a claim providing a basis for federal jurisdiction. (Docket No. 6; *see* 28 U.S.C. § 1331.) The Court granted plaintiff leave to amend his pleading to allege, to the extent possible, a claim under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, the federal law appearing most applicable to plaintiff's purported claims. (Docket No. 6.)

///

Plaintiff filed a first amended complaint (the "FAC") on August 24, 2016. (Docket No. 7.) The Court denied plaintiff's IFP application and dismissed the FAC with leave to amend, again on the ground that plaintiff had failed to allege a claim providing federal jurisdiction. (Docket No. 8.) The Court again granted plaintiff leave to amend his pleading to attempt to allege an FDCPA claim. (*Id.*) Plaintiff filed a second amended complaint (the "SAC") on September 16, 2016. (Docket No. 10.)

The Court finds that plaintiff has again failed to allege a claim providing federal jurisdiction. As it does not appear possible for plaintiff to cure the deficiencies in his pleading, his IFP application should be denied and this action dismissed without leave to amend.

## II. Analysis

Plaintiff names Bonnie Pritzkau, Natalie Veley, and Theresa Rath as defendants. (SAC at 1.) He alleges that a nonparty jewelry store in Baldwin Hills fraudulently induced him to sign up for a $5000 line of credit with nonparty Synchrony Financial Bank ("Synchrony"). (*Id.* at 2-3.) Plaintiff purchased three engagement rings using the Synchrony line of credit. (*Id.* at 2.) Plaintiff owes only $883 on the line of credit, but Synchrony contends the amount due is $2,883. (*Id.* at 2, 4.) Plaintiff's credit has been "completely ruined" with three credit-rating agencies. (*Id.* at 2.)

Plaintiff's specific allegations against defendants are as follows: (1) they wrongfully charged him an interest rate of 29% on his purchase, which is over the California limit of 14%; and (2) they have continually harassed plaintiff by phone at his job and at home regarding the disputed amount owed on the line of credit. (SAC at 1-2, 4.) In addition, Pritzkau, Synchrony's Senior Corporate Specialist in Rapid City, has failed to keep an accurate accounting of plaintiff's debt. (*Id.* at 4.)

Plaintiff alleges that the foregoing conduct constitutes "fraud by inducement" and "major federal credit card fraud." (SAC at 2.) Despite being twice advised of the deficiencies in his pleading, plaintiff does not allege a federal statutory basis for his

2

claims. (*See id. generally.*) The Court thus assumes, for the third time, that plaintiff is attempting to allege a claim under the FDCPA. That act prohibits, as relevant, certain methods of communication with a consumer regarding the collection of a debt, *e.g.* telephone calls intended to harass or annoy the consumer. *See* 15 U.S.C. §§ 1692c(a), 1692d(5), 1692f.

The relevant FDCPA provisions apply only to "debt collectors." *See id.* The FDCPA defines "debt collector" as any person "who regularly collects or attempts to collect . . . debts *owed or due or asserted to be owed or due another*" or who uses any instrumentality of interstate commerce "in any business *the principal purpose of which is the collection of any debts* . . . ." 15 U.S.C.A. § 1692a(6) (emphasis added). Officers and employees of a "creditor," while collecting debts for that creditor, are excluded from the definition of "debt collector." 15 U.S.C.A. § 1692a(6)(A). In turn, a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed," excluding persons receiving assignment or transfer of a defaulted debt solely to collect the debt for another. 15 U.S.C.A. § 1692a(4).

Here, plaintiff alleges that Synchrony originated, and services, the line of credit in question. Accordingly, Synchrony is not a "debt collector," as it does not regularly collect debts "*due another*"; its "*principal purpose*" is not the collection of any debts; and it was not assigned the debt in question for collection purposes. Rather, under plaintiff's allegations, Synchrony is a "creditor" within the FDCPA's meaning. In turn, plaintiff explicitly alleges that Pritzkau is employed by Synchrony, and he alleges by implication that Veley and Rath work for Synchrony as well. As officers or employees of a "creditor," defendants are not "debt collectors," notwithstanding their alleged attempts to collect the disputed amount from plaintiff.

As plaintiff fails to allege that defendants are "debt collectors," he fails to state a claim under the FDCPA. The Court cannot discern any other possible basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. Moreover, it is clear that diversity jurisdiction is lacking. Diversity jurisdiction requires, *inter alia*, that the matter in

controversy exceed $75,000. 28 U.S.C. § 1332(a). Plaintiff alleges, at most, damages of a few thousand dollars.

### III. Conclusion

Plaintiff fails to allege federal question jurisdiction, and diversity jurisdiction is plainly lacking. He has had three opportunities to allege a sufficient basis for federal jurisdiction. It does not appear possible for him to do so. Accordingly, petitioner's IFP application should be denied and this action dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31.